IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RYAN WATKINS,

    Petitioner,

v.

WARDEN, MADISON
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-590
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." if it does so appear, the petition must be dismissed. *Id*. For the reasons that follow, these are the circumstances here.

### I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his October 19, 2001, convictions after a jury trial in the Franklin County Court of Common Pleas on murder, aggravated robbery, felonious assault, and having a weapon while under disability, with firearm specifications. On September 26, 2002, the appellate court affirmed the judgment of the trial court. *State v. Watkins*, 10th Dist. No. 01AP-

1376, 2002 WL 31123872 (Ohio Ct. App. Sept. 26, 2002). Petitioner did not file a timely appeal, and on November 19, 2003, the Ohio Supreme Court denied his motion for a delayed appeal. *State v. Watkins*, No. 2003-1719, 2003-Ohio-5992, 100 Ohio St.3d 1483 (Ohio Sup. Ct. Nov. 19, 2003).

On October 16, 2003, Petitioner filed his first federal habeas corpus Petition. He asserted (as he does here) that the trial court's failure to instruct the jury on the essential element of theft and aggravated robbery denied him due process, and that he was denied the effective assistance of trial counsel based on his attorney's failure to object to errors in the jury instructions. *Watkins v. Hurley*, Case No. 2:03-cv-941. However, on October 26, 2004, the Court issued final Judgment dismissing that action as procedurally defaulted. *Id*.

Subsequently, in 2015, Petitioner filed a motion for re-sentencing in the state trial court based on the trial court's failure to properly notify him of post-release control at his sentencing hearing. The trial court denied the motion, but on March 1, 2016, the state appellate court reversed that decision, and remanded the case to the trial court for a "limited resentencing to properly impose post-release control." *State v. Watkins*, 10th Dist. No. 15AP-694, 2016 WL 817003, at *2 (Ohio Ct. App. March 1, 2016).

> {¶ 3} On remand, the trial court held a resentencing hearing and properly notified appellant of post-release control. At the hearing, appellant argued that certain of his convictions should merge for purposes of sentencing. The trial court concluded that in light of this court's limited remand, the only issue it could address at the resentencing hearing was appellant's post-release control notification. Therefore, the trial court did not consider appellant's merger argument.

*State v. Watkins*, 10th Dist. No. 16AP-581, 2017 WL 1162426, at *1 (Ohio Ct. App. March 14, 2017). On March 14, 2017, the appellate court affirmed the judgment of the trial court. *Id*. On

2

July 26, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Watkins,* No. 2017-0535, 2017-Ohio-6964, 150 Ohio St.3d 1411 (Ohio Sup. Ct. July 26, 2017).

On June 14, 2018, Petitioner filed this *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts, as he did previously, that he was denied due process and the right to the effective assistance of counsel because the trial court failed to define theft in its jury instruction on aggravated robbery, and trial counsel failed to object.[1]

## II. SUCCESSIVE PETITIONS

As discussed, this is not Petitioner's first federal habeas corpus Petition. This Court therefore must first address whether the action is subject to transfer to the Sixth Circuit for authorization for filing as successive.

Before a second or successive petition for a writ of habeas corpus can be filed in a district court, a petitioner must ask the appropriate circuit court of appeals to authorize the district court's consideration of the application. 28 U.S.C. § 2244(b)(3)(A). If a district court in the Sixth Circuit determines that a petition is a second or successive petition, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), the district court must transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Sixth Circuit, in turn, will authorize the filing of a second petition only if the petitioner establishes either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or if the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and

---

[1] Petitioner has attached to his Petition a motion for reconsideration under Rule 60(b)(6) of the Federal Rules of Civil Procedure, in which he argues that this action should not be dismissed as successive or untimely. (Doc. 1-3, PAGEID # 18-24). As discussed *infra*, this Court agrees. However, the Court will not address these arguments under Rule 60(b) because this action involves a new habeas corpus Petition filed under a separate case number from Petitioner's prior habeas corpus Petition.

convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty. *Id*.

However, in certain "limited circumstances, a § 2254 petition is not considered 'second or successive' within the meaning of § 2244(b) even though the petitioner filed a previous habeas application." *Storey v. Vasbinder*, 657 F.3d 372, 376 (6th Cir. 2011).

> For example, a habeas petition is not considered "second or successive" under § 2244(b) when the claim has been raised in a prior petition, but dismissed as unripe, although other claims in the initial petition were decided on the merits. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). Even if the claim was not presented in an earlier petition, a subsequent petition raising the claim does not constitute a "successive" petition for purposes of § 2244(b) if the claim would have been dismissed as unripe in the initial petition. *Panetti*, 551 U.S. at 945, 127 S.Ct. 2842. Nor do the successive petition restrictions apply if the first petition was dismissed for lack of exhaustion. *Slack*, 529 U.S. at 478, 487, 120 S.Ct. 1595. The restrictions also do not apply if an intervening state court judgment (such as a resentencing) occurred after the first habeas petition was decided. *Magwood*, 561 U.S. at 335, 339, 130 S.Ct. 2788; *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015).

*In re Campbell*, 874 F.3d 454, 459 (6th Cir. 2017).

As discussed, the Supreme Court has held that a habeas corpus petition is not successive where it is filed after the trial court conducts a re-sentencing hearing that results in the issuance of a new judgment. *Magwood*, 561 U.S. at 331–39 (2010). In *Magwood*, the petitioner had originally filed a § 2254 petition challenging his 1981 death sentence. "[T]he District Court upheld Magwood's conviction but vacated his sentence and conditionally granted the writ based on the trial court's failure to find statutory mitigating circumstances relating to Magwood's mental state." *Id*. at 326 (footnote omitted). The state trial court thereafter held a new sentencing hearing, again imposing death sentence. *Id*. Magwood filed a second petition under 28 U.S.C. § 2254, in which he alleged that he had not received fair notice that he could be sentenced to death and that he had been denied the effective assistance of counsel during the re-

4

sentencing hearing. *Id*. at 328. Noting that the later sentencing hearing had resulted in a new judgment, the Supreme Court held that Magwood's second habeas corpus petition did not constitute a successive petition. *Id*. at 331.

Similarly, in *In re Stansell*, 828 F.3d 412 (6th Cir. 2016), the Sixth Circuit held that, even where a sentence has been vacated only partially (because it did not include a term of post-release control) and the state trial court re-sentenced the Petitioner for the limited purpose of imposing that term, that action resulted in a new or intervening judgment that permitted Stansell to raise challenges to his original conviction and his original sentence to a term of incarceration, as well as to his new term of post-release control. *Id*. at 416. "Final judgment in a criminal case means sentence. The sentence is the judgment." *Id.* (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937); *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). The Court noted that

> [b]efore his resentencing, the judgment that kept Stansell "in custody" was a term of imprisonment ranging from twenty years to life. After his resentencing, the judgment that kept Stansell "in custody" was a term of imprisonment ranging from twenty years to life plus five years of post-release control. *See Jones*, 371 U.S. at 238–43, 83 S.Ct. 373. Because a new custodial sentence means a new judgment for purposes of § 2254, Stansell's partial resentencing restarted the second or successive count.

*Id*. at 416–17. "When a court alters a sentence to include post-release control, it substantially and substantively changes the terms under which an individual is held 'in custody.' 28 U.S.C. § 2254(a), (b)(1). That means it has created a new judgment for purposes of the second or successive assessment." *Id*. at 417. Under such circumstances, a petitioner's numerically second petition does not constitute a successive petition within the meaning of 28 U.S.C. § 2244(b).

Such are the circumstances here, and this Petition is not successive.

5

## III. STATUTE OF LIMITATIONS

The Court next addresses whether the one-year statute of limitations bars review of Petitioner's claims. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. § 2244(d)(1) provides:

> (d) (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1),(2). The time bar may be overcome if a petitioner is able to make a credible showing of actual innocence. *See Tyler v. Ray*, 610 F. App'x 445, 452-53 (6th Cir. 2015); *Schulup v. Delo*, 513 U.S. 298, 317 (1995).

Additionally, even where a § 2254 petition is statutorily time-barred, equitable tolling may save an otherwise untimely petition. The one-year statute of limitations is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012). Whether the statute of limitations should be

equitably tolled depends upon whether a petitioner shows: (1) that he has been diligent in pursuing his rights; and (2) that an extraordinary circumstance prevented him from filing within the prescribed time. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Id*.

However, where the trial court re-sentences the petitioner, the new sentence "not only permits a challenge to either the new sentence or the undisturbed conviction, but also restarts the AEDPA's one-year window to challenge that judgment." *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016). This Court has applied *Crangle* to a trial court's limited re-sentencing made to advise the petitioner of the terms of post-release control. *See McKinney v. Warden, Warren Corr. Inst.*, No. 2:14-cv-1992, 2017 WL 2336009, at *10–11 (S.D. Ohio May 30, 2017); *Norris v. Bunting*, No. 2:15-cv-764, 2017 WL 749200, at *7–8 (S.D. Ohio Feb. 27, 2017); *see also Brown v. Harris*, No. 3:17-cv-080, 2018 WL 1069986, at *4 (S.D. Ohio Feb. 27, 2018) (The "Court should not second-guess the Sixth Circuit's decision in *Crangle b*y limiting it to post-release control corrections that impose a 'worse-than-before' sentence.")

Therefore, this action is timely and not subject to dismissal under the provision of 28 U.S.C. § 2244(d).[2]

## IV. PROCEDURAL DEFAULT

Petitioner has procedurally defaulted both of the claims he now presents for relief.

---

[2] On July 26, 2017, the Ohio Supreme Court declined to accept jurisdiction of Petitioner's re-sentencing appeal. *State v. Watkins,* 150 Ohio St.3d at 1411. His judgment of conviction therefore became final under the provision of 28 U.S.C. § 2244(d)(1)(A) in October 2017, when the time period expired to file a petition for a writ of *certiorari* to the United States Supreme Court. *See Jackson v. Bradshaw*, No. 1:16-cv-1852, 2017 WL 3475517, at *8 (N.D. Ohio June 22, 2017) (citing *Lawrence v. Florida*, 549 U.S. 327, 333 (2007)). The statute of limitations expired one year later, in October 2018. On June 14, 2018, Petitioner filed the Petition.

## A. Standard

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims must first present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6, 103 (1982) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). However, where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas[.]" *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" describes the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State such that the State has not had a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. One aspect of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) ("The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not "fairly presented" to the state courts.") (citing *Franklin v. Rose*, 811 F.2d 322, 324–25 (6th Cir. 1987) ). In the Sixth Circuit, a petitioner can satisfy the fair presentment requirement in any one of four ways: (1) reliance upon

federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id*. A claim is considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *Id*. If a petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court and no avenue of relief remains open, or if it would otherwise be futile for a petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999).

A petitioner can overcome procedural default by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (holding that if a claim is procedurally defaulted, it must not be considered unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent") (citing *Murray v. Carrier,* 477 U.S. 478, 495–96 (1986)). Of note, the "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94, 97–99 (6th Cir. 1985).

## B. Application

Petitioner asserts that he was denied a fair trial based on the issuance of improper jury instructions, and that he was denied the effective assistance of counsel due to his attorney's failure to object. Petitioner raised both of the foregoing claims on direct appeal; however, he did not file a timely appeal of the appellate court's decision denying his claims, and the Ohio Supreme Court denied his motion for a delayed appeal. As discussed in this Court's dismissal of Petitioner's prior § 2254 action, Petitioner has thereby procedurally defaulted his claims. *See Johnson v. Turner*, No. 2:14-cv-01908, 2016 WL 6963177, at *3 (S.D. Ohio Nov. 29, 2016) (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *Womack v. Konteh*, No. 3:06-cv-157, 2008 WL 123867, at *2 (N.D. Ohio Jan. 10, 2008)). Moreover, this Court has previously concluded that Petitioner cannot establish either cause for this procedural default, or that he is actually innocent so as to permit review of his procedurally defaulted claims. *See Watkins v. Hurley*, Case No. 2:03-cv-00941.

## V. RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or

in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

Date: June 26, 2018                                         /s/ Kimberly A. Jolson
                                                            KIMBERLY A. JOLSON
                                                            UNITED STATES MAGISTRATE JUDGE