IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RYAN WATKINS,

    Petitioner,

v.

WARDEN, MADISON
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-590
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On June 26, 2018, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed. ECF No. 3. Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. ECF No. 6. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection, ECF No. 6, is **OVERRULED**. The Report and Recommendation, ECF No. 3, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Petitioner's request for expansion of the record, ECF No. 7, is **DENIED**. The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his October 19, 2001, convictions after a jury trial in the Franklin County Court of Common Pleas on murder, aggravated robbery, felonious assault, and having a weapon while under disability, with firearm specifications. He filed a prior habeas corpus petition in October 2003, *Watkins v. Hurley*, Case

No. 2:03-cv-941,[1] but since that time, the trial court conducted a re-sentencing hearing for the limited purpose of notifying him of the terms of post release control. On March 14, 2017, the appellate court affirmed that judgment. *State v. Watkins*, 10th Dist. No. 16AP-581, 2017 WL 1162426, at *1 (Ohio Ct. App. March 14, 2017). On July 26, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Watkins*, No. 2017-0535, 2017-Ohio-6964, 150 Ohio St.3d 1411 (Ohio Sup. Ct. July 26, 2017). In this habeas corpus Petition, Petitioner asserts that he was denied due process and the right to the effective assistance of counsel because the trial court failed to define theft in its jury instruction on aggravated robbery, and trial counsel failed to object. The Magistrate Judge recommended dismissal of these claims as procedurally defaulted. Petitioner objects to that recommendation.

Petitioner argues that he has now preserved his claims for review because the trial court conducted a re-sentencing hearing, issued a new judgment entry of sentence, and he filed a timely appeal to the Ohio Court of Appeals and Ohio Supreme Court. However, Petitioner did not raise these current claims in his appeal from the trial court's re-sentencing hearing. *See Watkins*, 2017 WL 11624126, at *1.[2] Moreover, he could not have done so, as any claims not relating

---

[1] The Court dismissed that action as procedurally defaulted.
[2] The state appellate court indicated:

> Appellant appeals from his resentencing and assigns the following errors:
>
> [1.] Did the Tenth District Court of Appeals error when it limited Appellants re-sentencing to Constraints of *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–

to the re-sentencing hearing would have been barred under Ohio's doctrine of *res judicata*. The appellate court explicitly refused to address Petitioner's argument that his convictions should have been merged at sentencing on this basis, instead finding that Watkins should have raised the merger argument in his direct appeal of his convictions and sentence. *See State v. Watkins*, 2017 WL 1162426, at *2 ("[T]o the extent appellant argues that his convictions should merge for sentencing, that argument was barred by res judicata. The doctrine of res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. (internal citations omitted)). Thus, the issuance of the trial court's new judgment entry of sentence does not assist the

---

6238, when appellant request a merger hearing to determine defendant's conduct of allied offenses.

[2.] Did the trial court error in failing to hold a Merger Hearing at the request of defendant at his Re sentencing hearing when there was a facial showing of all allied offenses as stated in Ohio Supreme Court's Holding in *State v. Rogers*, [143 Ohio St.3d 385], 2015Ohio2459.

[3.] If prior to July 11, 2006 a court imposed a sentence pursuant to R.C. 2929.191 and failed to notify the offender pursuant to R.C. 2967.28 does R.C. 2929.191 allow a De novo Review without the *State v Fischer* constraints to a limited Re sentencing.

[4.] Did the Tenth District Court of Appeals commit plain error pursuant to Crim.R. 52(B) when it failed to sentence Appellant according to R.C. 2941.25 where there was a facial showing the offenses were allied offenses of similar import, without making the determination of whether the offenses were in fact allied offenses of similar import.

(Sic passim.)

*State v. Watkins*, 2017 WL 1162426, at *1.

Petitioner in obtaining review of his claims in these proceedings, and the cases he refers to do not indicate to the contrary.

Rather, as previously discussed, Petitioner has waived his claims by failing to file a timely appeal to the Ohio Supreme Court from the appellate court's decision denying his direct appeal. *See Smith v. State of Ohio Dep't of Rehab. and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006) (citation omitted). As cause for this default, Petitioner now states that his untimely appeal in the Ohio Supreme Court was the fault of prison officials. Objection, ECF No. 6, PAGEID # 47.

"[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases for excusing a procedural default. *Bonilla*, 370 F.3d 498. Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007).

The failure of prison officials to timely deliver documents submitted by a prisoner for mailing prior to the filing deadline may constitute cause for a procedural default. *See Foster v. Warden*, 575 F. App'x 650, 654 (6th Cir. 2014) (citing *Henderson v. Palmer*, 730 F.3d 554, 559 (6th Cir. 2013)).

> Once a prisoner gives his state court filing to prison officials to be mailed, it is in their control and he no longer has the ability to affect its delivery. *Id.* If the filing would have been timely filed "in the normal course of events" but is filed late or never reaches the court, the prisoner has demonstrated cause to excuse the procedural default. *Id.* (quoting Maples, 340 F.3d at 439); *see also* Ivy, 173 F.3d at 1141 ("[I]t [is] incumbent upon the State to ensure that [the prisoner's] motion was promptly put into the regular stream of outgoing mail.").

*Id.* However, nothing in the record supports Petitioner's claim that he timely submitted his documents to prison officials for mailing. It is the Petitioner's burden to establish cause and prejudice sufficient to overcome a procedural default. *Hinkle* 271 F.3d at 245. Under these circumstances and lacking any evidence to indicate that the prison mail room did not promptly mail Petitioner's materials, the Court is not persuaded that Petitioner has established cause for his procedural default. *See Ellis v. Warden, Ross Corr. Inst.*, No. 2:17-cv-415, 2018 WL 2183297, at *10 (S.D. Ohio May 11, 201) (citations omitted).

For these reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection, ECF No. 6, is **OVERRULED**. The Report and Recommendation, ECF No. 3, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Likewise, Petitioner's request for expansion of the record, ECF No. 7, is **DENIED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a certificate of appealability. *See* 28 U.S.C. § 2255(d). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may be issued if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Upon review of the record, this Court is not persuaded that reasonable jurists could debate whether petitioner's claims should have been resolved differently or that jurists of reason would find it debatable whether this Court was correct in its procedural rulings. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

/s/ Michael H. Watson

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**